IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRAD A GUNTER,

       Plaintiff,

vs.                                                                                             No. CIV-05-1274-JB/LCS

JOANN MARES,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States of America's Motion to Dismiss and Supporting Brief, filed February 14, 2006 (Doc. 3).  The primary issue is whether the Court has jurisdiction over Plaintiff Brad A Gunter' Complaint when Gunter seeks the Court's determination that Defendant Joanne Mares, acting in her capacity as a Settlement Officer with the IRS Appeals Office, violated the law by depriving Gunter of his right to due process as guaranteed by the Fifth Amendment to the Constitution and by depriving Gunter of his due process remedy under 26 U.S.C. §§ 6320 and 6330 by refusing to grant him a face-to-face collection due process hearing. Because Gunter is not entitled to mandamus relief -- no clear right to a face-to-face collector due process hearing -- and because the Court does not have jurisdiction over this Compliant, the Court will grant the United States' motion and dismiss Gunter's Complaint for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

The taxes at issue were Gunter's 2000 income taxes.  Gunter did not file an income tax return for 2000, and, accordingly, the IRS prepared a Substitute for Return.  <u>See</u> Declaration of Cynthia

Messersmith ("Messersmith Decl.") ¶ 4, at 1 (executed February 14, 2006); Transcript of Gunter's 2000 Income Taxes at 1 (requested on February 2, 2006)(attached as Government Exhibit 2 to United States of America's Motion to Dismiss and Supporting Brief ("Motion to Dismiss")). The liability from the notice was assessed on December 22, 2003. See Messersmith Decl. ¶ 4, at 1; Transcript of Gunter's 2000 Income Taxes at 1.

On March 12, 2005, the IRS sent Gunter a Letter 1058 -- a "Final Notice -- Notice of Intent to Levy and Notice of your rights to a Hearing." Complaint for Violation of Civil Rights ("Complaint"), Statement of Claim ¶ 12, at 3. Gunter made and sent a timely request for a "face-to-face [collection due process] CDP hearing" to discuss the "lawfulness of the determinations based on the provisions of 26 U.S.C. § 6330." Id. ¶ 13, at 3. Gunter's request for a face-to-face meeting was denied, see id. ¶ 14, at 4, but on August 1, 2005, the IRS sent a conference letter to Gunter scheduling a telephone conference for August 30, 2005, see Letter from Joann Mares to Brad Gunter (dated August 1, 2005)(attached as Government Exhibit 5 to Motion to Dismiss). The letter advised Gunter that the items mentioned in his request for a collection due process ("CDP") hearing were items that: (i) courts have determined are frivolous or groundless, or (ii) "Appeals" does not consider, such as moral, religious, political, constitutional, conscientious, or similar grounds. Id. at 1.

Gunter was advised that, if he wished to have a face-to-face conference, he must write Mares within fifteen days from the date of the letter and describe the legitimate issues that he would be discussing. See id. at 1. Gunter responded with correspondence demanding a face-to-face conference. See Letter from Brad Gunter to Joanne Mares (dated August 15, 2005). That letter asserted that Gunter had the right to a face-to-face meeting, and a right to receive a Summary Record of Assessment and supporting documentation. See id. at 1-2.

-2-

The United States asserts that Gunter did not respond to the CDP telephone hearing scheduled for August 30, 2005.  See Motion to Dismiss at 3.  Consequently, the IRS issued to him a Notice of Determination dated August 15, 2005.  See Complaint, Statement of Claim ¶ 17, at 4; Notice of Determination (dated September 15, 2005)(attached as Government Exhibit 7 to Motion to Dismiss).  The Notice of Determination that the IRS sent to Gunter stated on the first page that, if he wanted to dispute the notice's determination in court, he "must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter."  Notice of Determination at 1.  Thirty days from that date was September 14, 2005.

## PROCEDURAL BACKGROUND

Gunter filed the Complaint and this action on December 6, 2005, which was more than thirty days after the issuance and mailing of the Notice of Determination.  See Complaint.  In the Complaint, Gunter states: "The controversy involves the right to a face-to-face hearing regarding alleged income tax liability and penalties for tax year 2000.  It is the right to a hearing and not the alleged tax liability that is the subject of this controversy."  Complaint, Jurisdiction ¶ 5, at 2.

Gunter's Complaint alleges that Mares violated his due process rights by failing to allow him a face-to-face meeting before issuing the Notice of Determination.  Gunter contends that the issuance of the Notice of Determination without allowing him a face-to-face meeting deprived him of his "right to due process as guaranteed by the Fifth Amendment of the United States Constitution" and as "provided for in 26 U.S.C. §§ 6320 and 6330."  Complaint, Relief Sought ¶¶ 1-2, at 4-5.

### 1.  Gunter's Allegations.

Gunter asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 1391.  See Complaint, Jurisdiction ¶¶ 1-4, at 1-2.  Gunter seeks to compel the "Defendant, and/or other such IRS agents

who similarly have such a responsibility, to afford Plaintiff his due process rights pursuant to the Fifth Amendment to the United States Constitution, insofar as said due process hearing (appeals conference), is concerned." Id. ¶ 6, at 2. Gunter specifically asserts that he is not "invoking" any provision of the Internal Revenue Code for purposes of conferring jurisdiction, and "tax matters are irrelevant to this civil rights controversy." Id. ¶ 7, at 2.

The United States moves the Court, under rule 12(b)(1) of the Federal Rules for Civil Procedure, for dismissal of the Complaint for lack of subject matter jurisdiction and, under rule 12(b)(6), for dismissal of the Complaint for failure to state a claim for which the Court can grant relief. See Motion to Dismiss at 1, 13. In his response, Gunter states that he seeks relief that is mandamus in nature and nothing more; that he seeks no monetary damages and that Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), does not apply. See Brief in Opposition to Motion to Dismiss ("Response") at 1, filed March 28, 2006 (Doc. 4). Gunter also states that he does not seek to enjoin the collection of a tax. See id. Gunter also points out that nowhere in the four corners of the Complaint was there any mention of any controversy over the existence or over the amount of any tax liability. See id. at 1-2. Gunter also states that Title 26 U.S.C. § 6330 was not part of the jurisdictional statement of the Complaint. See id.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted). Rule 12(b) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. Proc. 12(b)(1). "The burden of establishing

-4-

subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Whenever it appears that the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

Generally, "Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks." Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005)(citing Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). In a facial attack, "the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true." Id. Under a factual attack, "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)." Id.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure "'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" Tal v. Hogan, No. 03-6293, 2006 U.S. App. LEXIS 16437, at *11 (10th Cir. June 29, 2006)(quoting Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976)). The court's role "'on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Id. at *11-12 (quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). The court "must liberally construe the allegations of a pro se complaint." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

"A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d at 1236 (citation and internal quotations omitted). The court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994)(citation omitted). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corrections, 165 F.3d at 806 (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)).

## SUITS AGAINST INDIVIDUAL IRS EMPLOYEES

A suit against an agent of the United States acting in her official capacity is a suit against the

United States.  See Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996)("When an action is

one against named individual defendants, but the acts complained of consist of actions taken by

defendants in their official capacity as agents of the United States, the action is in fact one against the

United States.")(citation and internal quotations omitted). "[I]t is well-settled that a suit against IRS

employees in their official capacity is essentially a suit against the United States." Snyder v. Lipuma,

No. 05-3819, 2006 U.S. Dist. LEXIS 34372, at *4 (D.N.J. March 20, 2006)(quoting Bell v. Rossotti,

227 F. Supp. 2d 315, 320 (M.D. Pa. 2002)(internal quotations omitted)).

## SOVEREIGN IMMUNITY

The United States, as a sovereign entity, may be sued only to the extent that it has consented

to suit by statute, "and the terms of its consent to be sued in any court define that court's jurisdiction

to entertain the suit." Delgado v. Gonzales, 428 F.3d 916, 920 (10th Cir. 2005)(quoting United

States v. Mitchell, 445 U.S. 535, 538 (1980)(internal quotations omitted)).  The United States and

its employees, sued in their official capacities, are immune from suit, unless the United States waives

sovereign immunity.  See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).  "A waiver of

sovereign immunity cannot be implied but must be unequivocally expressed." Weaver v. United

States, 98 F.3d at 520 (citation and internal quotations omitted).

The United States Court of Appeals for the Tenth Circuit has held, in unequivocal terms, that

general jurisdictional statutes, such as 28 U.S.C. §§ 1331 and 1361, cannot serve as a waiver of

sovereign immunity.  See Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir. 1992)(citing

Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990)).  Further, the Federal Tort Claims

Act ("FTCA") also does not provide a basis for suit, because that Act does not apply to "any claim

arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).  Indeed, the

FTCA's waiver of sovereign immunity excludes suits based on the assessment or collection of taxes.

See Overton v. United States, 925 F.2d 1282, 1284 (10th Cir. 1991).

28 U.S.C. § 2679 provides:

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title [28 USCS § 1346(b)], and the remedies provided by this title in such cases shall be exclusive.

(b) (1) The remedy against the United States provided by sections 1346(b) and 2672 of this title [28 USCS §§ 1346(b) and 2672] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

   (2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government–

    (A) which is brought for a violation of the Constitution of the United States, or

    (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

### JURISDICTIONAL PROVISIONS

Section 1331 vests the district courts with "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."  Mandamus jurisdiction arises from 28 U.S.C. § 1361, which states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

"To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right

to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005)(quoting Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990)(internal quotations omitted). After "the petitioner has established the prerequisites of mandamus relief, the court may exercise its discretion to grant the writ." Id. (citing Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995)).

## ANALYSIS

The Defendant's attack on the Court's subject matter jurisdiction is facial, and the Court will therefore accept the allegations in the Complaint as true.  The Court finds that it does not have subject matter jurisdiction over Gunter's Complaint under 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 1391.  The Court will therefore dismiss the Complaint for lack of subject matter jurisdiction.

## I.    THE COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. § 1331.

The Court first notes that, although the Complaint names IRS Settlement Officer Joann Mares as the defendant, the United States is the real party in interest, because the action against Mares complains of actions taken by her in her official capacity as an agent of the United States.  There is no jurisdictional basis for the imposition of personal liability against Mares under these circumstances. Mares' alleged action, or failure to act, falls within her official capacity as an employee of the IRS, and the Court will thus construe this suit as being brought against the United States as the real party in interest.  See Weaver v. United States, 98 F.3d at 520.

Because this is an action against the United States, the Court does not have jurisdiction unless the United States has waived sovereign immunity.  See Atkinson v. O'Neill, 867 F.2d 589 at (10th

Cir. 1989).  First, general jurisdictional statutes, such as 28 U.S.C. §§ 1331 and 1361, cannot serve

as a waiver of sovereign immunity.  See Fostvedt v. United States, 978 F.2d at 1202-03.  Courts have

found that subject matter jurisdiction did not exist under similar, if not identical, circumstances to

those before the Court pursuant to § 1331.  See Rael v. Apodaca, Memorandum Opinion and Order

at 1-4, filed November 9, 2005 (Doc. 11)(Hansen, Senior Judge)[1]; Martin v. Logan, No. 05-3729,

2006 U.S. Dist. LEXIS 5320, at *1-2, 5 n.2, 17 (D.N.J. January 20, 2006); Snyder v. Lipuma, No.

05-3819, 2006 U.S. Dist. LEXIS 34372, at *1-4, 8 (D.N.J. March 20, 2006)(Hedges, Ronald J.,

Magistrate Judge), adopted by 05-3819, 2006 U.S. Dist. LEXIS 34371 (D.N.J. April 14, 2006).[2]

Here, 28 U.S.C. § 1331, does not waive sovereign immunity, and Gunter must find a waiver of

sovereign immunity somewhere else.

The United States has waived sovereign immunity for certain tort claims under the FTCA 28

U.S.C. §§ 2671-2680 and § 1346(b).  First, the United States has excluded, from its waiver of

sovereign immunity under the FTCA, claims brought based on the assessment and collection of taxes.

See Overton v. United States, 925 F.2d at 1284; 28 U.S.C. § 2680(c).  Gunter asserts that his suit

has "nothing to do with the assessment or collection of a tax; it is the denial of due process and

mandamus relief that is at issue: to compel the government agent to comply with the law."

Presumably, Gunter is attempting to avoid  28 U.S.C. § 2680(c)'s exception to waiver.  However,

---

[1] In Rael v. Apodaca, the plaintiff asserted a constitutional deprivation for lack of a face-to-face CDP hearing guaranteed by the Fifth Amendment.  See Memorandum Opinion and Order at 1 (Doc. 11).  The plaintiff asserted jurisdiction pursuant to § 1331 and 1361, and characterized his suit as a civil rights controversy, stating that the purpose of his suit is not to seek a damage award, dispute tax liability, or restrain or stay assessment or collection of any tax.  See id. at 2-4.

[2] In Snyder v. Lipuma, the plaintiff filed the action, seeking equitable relief on the grounds that his due process rights had been violated by refusing a face-to-face CDP hearing.  2006 U.S. Dist. LEXIS 34372, at *2.  The plaintiff asserted jurisdiction under § 1331, 1361, and 1391.  See id.

"the IRS has already issued a 'Notice of Determination' to Gunter, and the "relief [he] seeks, an order requiring that the IRS provide a [face-to-face] hearing, would, if granted, effectively appeal the IRS determination and restrain collection of taxes." Rael v. Apodaca, Memorandum Opinion and Order at 3. See Ray v. Briney, 2004 U.S. Dist. LEXIS 12864, at *5 n.1 ("Although [plaintiff] denies that he is appealing the Notice of Determination with respect to tax liability, he does seek another CDP hearing specifically in order to contest his tax liability."). Thus, 28 U.S.C. § 2680(c) does apply, and sovereign immunity has not been waived.

Gunter contends that the United States has waived sovereign immunity under these circumstances pursuant to 28 U.S.C. § 2679(b)(1) and (2). See Response 3-4. Gunter is mistaken about § 2679's role in jurisdiction. The purpose of § 2679(b)(1) is to provide the sole or exclusive remedy "for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment." Woodruff v. Covington, 389 F.3d 1117, 1123 n.6 (10th Cir. 2004). Section 2679(b)(2)(A) does not provide independent jurisdiction, nor waive the United States' sovereign immunity, but rather it excludes certain claims -- Bivens actions -- from the exclusive remedy provision of § 2679(b)(1). Thus, the United States has not waived its sovereign immunity under 2679(b)(1), and the Court therefore does not have subject matter jurisdiction over a claim brought where the United States is entitled to sovereign immunity.

The Honorable Freda L. Wolfson, United States District Judge for the District of New Jersey, addressed this issue in Martin v. Logan, 2006 U.S. Dist. LEXIS 5320, and found, under almost identical circumstances, that § 2679(b) does not waive sovereign immunity in a case where the plaintiff is asserting a constitutional right to a face-to-face CDP hearing. See id. at *8-13. In Martin v. Logan, the plaintiff had requested from the IRS that he receive a face-to-face CDP hearing at the

-11-

location closest to his home.  See id. at *4.  The plaintiff filed a complaint asserting the defendant

denied him due process by refusing to afford him a face-to-face CDP hearing, but did not seek money

damages, nor the restraint of the assessment or collection of taxes.  See id. at *4-5.  The plaintiff

specifically sought mandamus relief and asked the court to order the defendant to provide him with

a face-to-face CDP hearing.  See id. at *5.  The plaintiff asserted jurisdiction under § 1331, 1361, and

1391.  See id. at *8, 13, 17.

Judge Wolfson at the outset stated that "§ 1331 does not waive the United States' sovereign

immunity from suit."  Id. at *8.  Judge Wolfson then noted, citing 28 U.S.C. § 2680, that although

the United States has waived immunity for certain tort claims under the FTCA, it has not waived its

sovereign immunity for common-law torts allegedly committed by the IRS concerning the assessment

or collection of taxes.  See id. at *9.

Finally, Judge Wolfson addressed the plaintiff's contention that, because his claim arises out

of an alleged constitutional violation, for which he seeks equitable relief rather than money damages,

his complaint was exempt from the defendant's immunity under the FTCA pursuant to 28 U.S.C. §

2679(b)(2)(A).  Judge Wolfson found that § 2679(b)(2)(A) "does not provide an independent

jurisdictional basis nor does it waive the United States sovereign immunity, rather, it merely excludes

Bivens claims from the otherwise exclusive remedial scope of the FTCA."  Id. at *11 (citing United

States v. Smith, 499 U.S. 160, 166-67 (1991)).

The Court does not have subject matter jurisdiction pursuant to § 1331.  Also 28 U.S.C. §

2680(c) specifically excludes the assessment or collection of taxes, and § 2679(b)(2)(A) does not

waive the United States' sovereign immunity.  Because the United States has not waived sovereign

immunity under these circumstances, the Court does not have subject matter jurisdiction.

-12-

**II.**     **THE COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. § 1361.**

Gunter contends that it is Mares' duty to provide a face-to-face meeting. Gunter states that

he seeks relief that is mandamus in nature and nothing more. He contends that, because he did not

receive a face-to-face meeting and because of the absence of due process with respect to the hearing,

the IRS' determination was null ab initio. Gunter represents that all he asks of the Court is that it

compel Mares to do her job and give him his face-to-face CDP hearing, as he contends the law and

the implementing regulations require.

Section 1391 -- also known as the Mandamus Act -- does not vest the Court with jurisdiction.

Gunter must show, to be eligible for mandamus relief, "that he has a clear right to relief," "that the

respondent's duty to perform the act in question is plainly defined and peremptory," and "that he has

no other adequate remedy." Rios v. Ziglar, 398 F.3d at 1206. First, Gunter can not show that he has

a clear right to relief, because he has no clear right to a face-to-face CDP hearing. 26 C.F.R. §

301.6330-1(d)(2) states:

> The formal hearing procedures required under the Administrative Procedure Act, 5
> U.S.C. 551 et seq., do not apply to CDP hearings. CDP hearings are . . . informal in
> nature and do not require the Appeals officer or employee and the taxpayer, or the
> taxpayer's representative, to hold a face-to-face meeting. A CDP hearing may, but is
> not required to, consist of a face-to-face meeting, one or more written or oral
> communications between an Appeals officer or employee and the taxpayer or the
> taxpayer's representative, or some combination thereof . . .

Although "26 U. S. C. § 6330 requires the IRS to afford a hearing before issuing a Notice of

Determination," see Boyd v. United States, 322 F. Supp. 2d 1229, 1230 (D.N.M. 2004)(Browning,

J.), the regulation makes clear, and courts have found, that a taxpayer is not guaranteed nor entitled

to a *face-to-face* CDP hearing.   See e.g., Tinnerman v. Internal Revenue Service, No.

3:04-cv-1082-J-99, 2005 U.S. Dist. LEXIS 14244, at *6-7 (M.D.Fla. May 10, 2005). The court in

Tinnerman v. Internal Revenue Service stated:

> It has been consistently held that in- person interviews are not required in a § 6330 hearing. See Katz v. Commissioner of Internal Revenue, 115 T.C. 329 (T.C. 2000) (taxpayer not entitled to a face-to-face CDP hearing, but rather, telephone conference was procedurally proper); Leineweber v. Comm'r, [87 T.C.M. (CCH) 824 (2004)](face-to-face hearing not required and no abuse of discretion for review of administrative record and prior telephone conversations to constitute CDP hearing); Whiting v. Comm'r, [87 T.C.M. (CCH) 1399 (2004)](oral and written communications between taxpayer and Office of Appeals constituted proper CDP hearing even though taxpayer unaware that conference being conducted); Tilley v. United States, 270 F. Supp.2d 731 (M.D.N.C. 2003); (face-to-face hearing not required, but rather telephone conversations sufficed); Guy v. United States, 90 A.F.T.R.2d 5462 (E.D.N.Y. 2002) (in affording taxpayer a CDP hearing, the IRS did not owe taxpayer a duty to hold a face-to-face hearing).
>
> It is clearly settled and consistent with the informal nature of the hearings that, as a matter of law, a taxpayer has no intrinsic right to a face-to-face CDP hearing under I.R.C. § 6330.

Id.

Second, a writ of mandamus is not Gunter's only remedy. Congress has provided a remedy under I.R.C. § 6330, which allows appeal of a Notice of Determination within thirty days of its issuance to a federal district court or tax court. See Martin v. Logan, 2006 U.S. Dist. LEXIS 5320, at *16. Because Gunter does not have a clear right to relief, and a writ of mandamus is not Gunter's only remedy, mandamus relief is not appropriate here, and the Court thus does not have subject matter jurisdiction under § 1361. See Rios v. Ziglar, 398 F.3d at 1207 ("The test for jurisdiction is whether mandamus would be an appropriate means of relief.")(quoting Carpet, Linoleum & Resilient Tile Layers v. Brown, 656 F.2d 564, 567 (10th Cir. 1981)(internal quotations omitted)).

Courts have found, under similar, if not identical, circumstances, that there is no subject matter jurisdiction under § 1361. See Rael v. Apodaca, Memorandum Opinion and Order, at 2-4 (Doc. 11); Snyder v. Lipuma, 2006 U.S. Dist. LEXIS 34372, at *5, 6, 7; Martin v. Logan, 2006 U.S.

Dist. LEXIS 5320, at *13-16.  The Court does not have subject matter jurisdiction under § 1361.

Finally, 28 U.S.C. § 1391 does not provide jurisdiction, but rather only addresses venue.  <u>See</u> <u>Martin v. Logan</u>, 2006 U.S. Dist. LEXIS 5320, at *17 ("Finally, Plaintiff's reliance on 28 U.S.C. § 1391 to establish jurisdiction is also error.  Section 1391 addresses venue, not jurisdiction. Thus, it provides no jurisdictional basis.").

Accordingly, there is no subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1361, or 1391.

**IT IS ORDERED** that the United States of America's Motion to Dismiss is granted. Gunter's Complaint is dismissed for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Brad A. Gunter
Tijeras, New Mexico

     *Plaintiff Pro Se*

David Iglesias
  United States Attorney
Albuquerque, New Mexico

-- and --

Cynthia E. Messersmith
  Attorney, Tax Division
Department of Justice
Dallas, Texas

     *Attorneys for the United States of America*